# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3963 | **DATE** | October 29, 2012 |
| **CASE TITLE** | Ned James (#2011-0609209) vs. Saint Bernard Hospital, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in form a pauperis* motion [7] is granted. The trust fund account officer at Plaintiff's place of confinement is instructed to make deductions from Plaintiff's account in accordance with this order. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that provides sufficient notice to the Defendants what his claims are and the grounds upon which his claims are based. Plaintiff is given 30 days from the date of this order to submit an amended complaint. His failure to do so will result in the dismissal of this case. The clerk is directed to send an amended complaint form to Plaintiff.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff, Ned James, currently confined at the Cook County Jail, has submitted an *in forma pauperis* application in accordance with the Court's July 26, 2012, order. Finding that Plaintiff is unable to prepay the filing fee, the Court grants his motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $5.00. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of this Court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

     The Court has conducted a preliminary review of the complaint as required under 28 U.S.C. § 1915A. As noted in its July 26, 2012, order, this case appears to be Plaintiff's second case filed in this Court concerning his January 11, 2011, arrest and subsequent medical treatment. In case number 11 C 4418, Plaintiff named police officers as Defendants for allegedly using excessive force during an arrest. In this case, Plaintiff names St. Bernard Hospital, Dr. Gilberto Arevalo, Dr. Matthew McCormick, Nurse Jay Paminutan, and Nurse Lydia DeLeon for allegedly providing inadequate care for his injuries following the arrest. According to Plaintiff, he was at the hospital for only 4 to 5 hours as opposed to 72 hours; the medical staff took pictures of Plaintiff's injuries; and the doctors "let the Chicago Police run the hospital." (Compl. at 4.) Plaintiff also states that he is mentally ill; that the entire time he was at the hospital, he complained to the nurses (though he does not state what his complaints were); and that he told hospital personnel that he wanted to kill himself. He alleges that Defendants' actions constituted deliberate indifference, medical malpractice, and medical neglect. (*Id.*)

     Although Plaintiff seeks to allege claims of deliberate indifference, and possibly state-law claims of medical malpractice, his allegations do not state a claim. To proceed in this Court, Plaintiff must allege at least

**STATEMENT**

one federal claim, such as deliberate indifference to a serious medical. To state such a claim, he must allege facts that, if proven true, would establish both: (1) an objectively serious medical need, and (2) deliberate indifference by the Defendants, i.e., that they actually knew of Plaintiff's serious medical condition and refused to take reasonable steps to address the condition. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). Under the notice pleading standard of Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, but it must provide notice of the claims being alleged and the grounds upon which the claims are based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must present more than mere labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Id.* The complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this case, Plaintiff states that he was taken to St. Bernard Hospital after allegedly being beaten by Chicago Police Officers; however, he does not state what his injuries were or how the Defendants acted with deliberate indifference to those injuries. (Compl. at 4.) His "allegations are too vague to provide notice to defendants of the contours of his § 1983 ... claim." *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). The only details Plaintiff states are that doctors released him from the hospital after only 4-5 hours, as opposed to allowing him stay 72 hours. (Compl. at 4.) Such an allegation indicates only a difference of opinion about the length of time he should have stayed at the hospital, which does not state a claim of deliberate indifference. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "[T]he Constitution is not a medical code that mandates specific medical treatment." *Id.* (citation omitted).

The Court further notes that St. Bernard Hospital appears to be private entity. To state a § 1983 civil rights claim, a plaintiff must allege that: (1) a person acting under color of state law, i.e., a state actor (2) deprived him of a right, privilege, or immunity secured by the U.S. Constitution or federal law. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010). Although a hospital or doctor, who "voluntarily assume[s] [the state's constitutional] obligation by contract," may be considered a state actor, *West v. Atkins*, 487 U.S. 42, 49, 56 (1988), a hospital's acceptance of an incarcerated person at an emergency room does not generally mean that the hospital has become a state actor. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 827-28 (7th Cir., 2009). The Court may not be able to make such a determination on initial review; however, Plaintiff should be aware that, if St. Bernard Hospital is a private one that does not contract to provide services to prisoners or pretrial detainees, Plaintiff's complaint may present only state-law claims and may be dismissed for failure to present a federal claim.

For the reasons stated above, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that provides sufficient notice to the Defendants what his claims are and the grounds upon which his claims are based. To proceed with this case, Plaintiff must provide more information as to how the Defendants acted with deliberate indifference. He is given 30 days from the date of this order to submit an amended complaint. His failure to do so will result in the dismissal of this case. The clerk shall forward to Plaintiff an amended complaint form. If Plaintiff chooses to proceed with this case, he must submit an original amended complaint, as well as a judge's copy and a service copy for each named Defendant.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.