# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3963 | **DATE** | January 11, 2013 |
| **CASE TITLE** | Ned James (#2011-0609209) vs. Saint Bernard Hospital, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his amended complaint [9] against Nurse Lydia De Leon, Dr. Gilberto, and Dr. Matthew McCormick. The clerk shall issue summonses for service of the amended complaint on these Defendants. All other Defendants are dismissed. The clerk shall send Plaintiff a Magistrate Judge Consent Form and instructions for filing documents in this Court.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Ned James, currently confined at the Cook County Jail, has submitted an amended complaint in accordance with the Court's October 29, 2012, order. Plaintiff alleges that he was treated at St. Bernard Hospital for treatment to injuries he sustained during his January 7, 2011, arrest. Plaintiff contends that Nurse Deleon refused to enter Plaintiff's hospital room, despite her knowledge that he was in pain and in need of treatment. Dr. Gilberto allegedly refused to stitch Plaintiff's eye, and Dr. McCormick allegedly refused to treat Plaintiff's mental health needs. Plaintiff also names Nurse Jay Paminutan, but Plaintiff does not allege what Paminutan did or failed to do.

    The Court has conducted a preliminary review of the complaint as required under 28 U.S.C. § 1915A. Plaintiff has stated at least colorable claims against Defendants Nurse Deleon, Dr. Gilberto, and Dr. McCormick. *See Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (setting out the standard for a deliberate indifference claim against medical professionals). Plaintiff also names Nurse Jay Paminutan; however, Plaintiff does not state any actions or inactions by this Defendant. Instead, Plaintiff simply states that Paminutan violated his constitutional rights. As noted in the Court's prior orders, a complaint must present more than mere labels, conclusions, or a formulaic recitation of the elements of a cause of action, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 -77 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff again fails to do sufficiently allege claims against Paminutan, and this Defendant, as well as any other Defendant not listed above, is dismissed.

    The clerk shall issue summonses for service of the complaint on St. Bernard Hospital's Dr. Gilberto, Nurse Lydia Deleon, and Dr. Matthew McCormick. The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve these Defendants with process. With respect to any Defendant who can no longer be found at the work address provided by Plaintiff, St. Bernard Hospital officials shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of

| STATEMENT |
|---|
| service, should a dispute arise; documentation of the address shall be retained only by the Marshal and shall not be kept in the Court's file. The Marshal is authorized to mail requests for waivers of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If unable to obtain waivers, the Marshal shall attempt personal service.<br><br>  Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendants, or to their attorney, after one enters an appearance on their behalf. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the Court that do not comply with the Court's instructions, may be returned to Plaintiff without being filed. |