UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NED JAMES, | ) | |
| | ) | No. 12 C 3963 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| GILBERTO AREVALO, M.D., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Ned James filed an amended complaint on December 4, 2012, against St. Bernard Hospital ("St. Bernard"), Dr. Gilberto Arevalo, Dr. Matthew McCormick, Nurse Jay Pamintuan, and Nurse Lydia De Leon. R. 11. He alleges violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Eighth Amendment for professional neglect and denial of treatment. R. 11 at 4-6. A previous judge dismissed St. Bernard and Nurse Pamintuan from the case. R. 10. Dr. Arevalo has moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. R. 29. For the following reasons, the Court lacks subject matter jurisdiction over the Plaintiff's claims, and his amended complaint is dismissed as to all the remaining Defendants.[1]

**BACKGROUND**

On January 17, 2011, the Plaintiff was rushed to St. Bernard due to serious

---

[1] Only one Defendant, Dr. Arevalo, has moved to dismiss the amended complaint. However, because the Court's lack of subject matter jurisdiction applies to the claims against all the Defendants, they are included in this dismissal order.

1

injuries he claims to have received from Chicago Police Officers. R. 11 at 4. He alleges that he received multiple kicks and blows to the head, back, and stomach, which caused him extreme pain. *Id.*

The Plaintiff filed this action against certain Defendants on May 21, 2012, as a result of the care he received at St. Bernard. R. 1. He filed an amended complaint on January 11, 2013. R. 11. In the amended complaint, the Plaintiff alleges that the Defendants failed to competently treat his injuries while he was at St. Bernard. First, he claims that Nurse De Leon refused to come into his room even though she was aware of his injuries and could hear him screaming in pain. *Id.* at 5. The Plaintiff further contends that he requested Nurse De Leon to take pictures of his head wound before she cleaned the blood from it, but that she cleaned the wound before documenting the injury. *Id.* Next, the Plaintiffs contend that Dr. Arevalo refused to put stitches in the wound over the Plaintiff's eye. *Id.* Finally, the Plaintiff claims that Dr. McCormick refused to place the Plaintiff on suicide watch even though the Plaintiff claimed that he had not taken his medicine in months and wanted to kill himself. *Id.* at 6.

The case was transferred to this Court on February 7, 2013. R. 13. Dr. Arevalo filed a motion to dismiss on April 30, 2013. R. 29. The Plaintiff requested the appointment of counsel, which the Court granted on June 27, 2013. R. 34. That attorney moved to withdraw as counsel, and the Court granted the request on July 1, 2013. R. 36. A second attorney was appointed to represent the Plaintiff, but she moved to withdraw on October 3, 2013. R. 45; R. 46. The Court granted her request

on October 15, 2013. R. 48. The Court has given the Plaintiff numerous opportunities to respond to the pending motion to dismiss. Plaintiff's response to the motion was originally due on December 2, 2013. *See* R. 48. On January 24, 2014, the Court granted the Plaintiff an additional 21 days to respond, but he has not done so. R. 49. The Court will thus rule on the motion to dismiss without the benefit of a response from the Plaintiff.

## LEGAL STANDARD

Before addressing the merits of the Plaintiff's claims, the Court must consider the issue of subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim over which the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Article III, Section 2 of the U.S. Constitution defines the outer bounds of a federal court's subject matter jurisdiction. Generally, a court's jurisdiction in a civil case arises from a federal question, a deprivation of one's civil rights, or diversity among the parties. *See* 28 U.S.C. §§ 1331, 1332, 1343; *see also Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2010). Because federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto," *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), the Court "[is] bound to evaluate [its] own jurisdiction, . . . sua sponte if necessary." *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010) (quoting *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 282 (7th Cir. 2009)). If the

3

Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

As with a Rule 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff" when assessing its jurisdiction. *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In doing so, the Court recognizes the Plaintiff filed his amended complaint pro se. Complaints filed by pro se plaintiffs are held to "'a less stringent standard than formal pleadings drafted by lawyers." *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) (quoting *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). Because pro se plaintiffs do not have the benefit of legal expertise, courts are to ensure that their claims are given "fair and meaningful consideration." *Philos Tech., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011) (internal quotation marks and citation omitted).

## ANALYSIS

In order to establish jurisdiction in federal court, a plaintiff must either raise a federal question or have diversity of citizenship with a defendant. *See* U.S. Const. art. III, § 2, cl. 1; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). In this case, the Plaintiff and all the remaining Defendants are residents of Illinois, so the Plaintiff cannot demonstrate diversity of citizenship. R. 11 at 2; *see also Moore v. St. Bernard Med. Ctr.*, No. 12 C 10335, 2013 WL 141143 (N.D. Ill. Jan. 9, 2013). The Plaintiff

must therefore raise a federal question in order to secure jurisdiction. He has not done so.

**I.     ADA Claims**

The Plaintiff asserts that he is bringing his claim under the ADA. R. 11 at 4. However, no title of the ADA applies to Plaintiff's claims.[2] Title II of the ADA prohibits discrimination by public entities against individuals with a disability. *See* 42 U.S.C. § 12131, et. seq. The ADA defines "public entity" as:

> (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and(C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49).

42 U.S.C. § 12131. St. Bernard is a private hospital and, therefore, is not covered by the definition of public entity, nor are its employees—e.g., Dr. Arevalo, Dr. McCormick, and Nurse De Leon. *See Moore*, 2013 WL 141143, at *1. Accordingly, even if the Plaintiff could show that the hospital or its employees acted improperly, Title II of the ADA does not confer jurisdiction on this Court.

Title III of the ADA also does not confer jurisdiction upon this Court. Title III applies to private entities such as hospitals. *See* 42 U.S.C. § 12188(a)(1). However, the only remedy for discrimination provided by Title III is injunctive relief for a plaintiff "who is being subjected to discrimination on the basis of a disability or who

---

[2] The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tenn. v. Lane*, 541 U.S. 509, 516-17 (2004). It is uncontested that the Plaintiff is not an employee of the Defendants, so the Court need not address any potential claims under Title I.

5

has reasonable grounds for believing that such person is about to be subjected to discrimination." *See* 42 U.S.C. § 12188(a)(1); *see also LaRosa ex rel. LaRosa v. Walgreen Co.*, No. 12 C 932, 2012 WL 2526661, at *3 (N.D. Ill. June 29, 2012). To establish standing to obtain injunctive relief, a plaintiff must allege that:

> (1) [he is] under threat of an actual and imminent injury in fact; (2) there is a causal relation between that injury and the conduct to be enjoined; and (3) it is likely, rather than speculative or hypothetical, that a favorable judicial decision will prevent or redress that injury.

*Schirmer v. Nagode*, 621 F.3d 581, 585 (7th Cir. 2010).

Here, the Plaintiff cannot show that there are any "continuing, present adverse effects" from his encounter with the Defendants for which injunctive relief could be appropriate. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 96 (1983); *Chavez v. Ill. State Police*, No. 94 CV 5307, 1996 WL 66136, at *5 (N.D. Ill. Feb. 13, 1996). Plaintiff complains only of one instance of past conduct, and of course is no longer a patient at St. Bernard; thus, he is not at present "being subjected to discrimination on the basis of a disability." *See* 42 U.S.C. § 12188(a)(1); *LaRosa ex rel. LaRosa*, 2012 WL 2526661, at *2-3. Therefore, the Plaintiff lacks standing to seek injunctive relief, and his claim must be dismissed.

Furthermore, the Plaintiff claims to be suing under the ADA and that he has a "mental illness." R. 11 at 4. In actuality, he is alleging a medical malpractice or deliberate indifference claim as opposed to a claim for disability discrimination. R. 11 at 5. Nowhere in the Plaintiff's amended complaint does he sufficiently allege that he has a qualifying disability or, more importantly, that he was treated worse *because* he is disabled, two required elements of an ADA claim. *See Basden v. Prof'l*

6

*Transp., Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013). In addition, as the Seventh Circuit has explicitly held, "The ADA does not create a remedy for malpractice." *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (explaining that "it would be extremely odd to suppose that disabled persons whose disability is treated negligently have a federal malpractice claim by virtue of the [ADA]"). It follows that the Plaintiff's claim must be dismissed on this ground as well.

## II. Section 1983 Claims

The Plaintiff also alleges that the Defendants violated his constitutional rights under the Eighth Amendment and alternatively brings his suit under 42 U.S.C. § 1983. R. 11 at 5. Section 1983 allows a Plaintiff to bring a claim in federal court against a person who, acting under color of state law, deprives the plaintiff of a federal right, privilege, or immunity, secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. To be liable under Section 1983, a defendant must have (1) acted under color of state law, and (2) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). As the Court has already explained, St. Bernard is a private hospital, and its employees are private individuals. *Moore*, 2013 WL 141143, at *1. Therefore, because the Defendants were not acting under color of state law, Section 1983 cannot confer federal question jurisdiction over the Plaintiff's claim. *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) (describing the two circumstances when a defendant "may be found to act under color of state law").

## III. Federal Tort Claims Act

While not specifically alleged in his amended complaint, the Plaintiff may have had the chance to secure federal question jurisdiction by bringing a claim under the Federal Tort Claims Act (the "FTCA"). The FTCA allows a plaintiff injured by a federally-funded entity to bring suit against the United States for torts committed by an employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Initially, there is no allegation in the Plaintiff's amended complaint that St. Bernard Hospital is a federally-funded entity. Moreover, under the FTCA, a plaintiff must exhaust his administrative remedies before instituting a lawsuit. *McNeil v. United States*, 508 U.S. 106, 107 (1993). This requires a plaintiff to give notice of a claim to the appropriate federal agency within *two years* after the claim accrues. *See* 28 U.S.C. § 2401(b). A plaintiff's failure to do so is fatal to a court's jurisdiction over the claim. *Id.* at 109.

The Plaintiff has not satisfied the FTCA's notice requirement, and at this point, he is prohibited from doing so. The Defendants' alleged negligent medical care occurred on January 17, 2011, over three years ago. R. 11 at 4. There is no allegation that the Plaintiff has submitted a claim with the appropriate federal agency, even taking all facts alleged in the light most favorable to the Plaintiff and assuming a federal agency is involved in funding St. Bernard. Thus, because more than two years have elapsed since any theoretical claim under the FTCA accrued,

any FTCA claim is barred regardless of whether the Plaintiff could amend his complaint another time to assert that St. Bernard is covered by the FTCA. *See* 28 U.S.C. § 2401(b).

## CONCLUSION

Because this Court does not have jurisdiction over any of the Plaintiff's claims, his complaint is dismissed. If the Plaintiff wishes to sue any of the Defendants at issue in this dismissal order, he must attempt to do so in state court, if such a claim would be timely. *See Moore*, 2013 WL 141143, at *2 (citing *Turner v. Jackson Park Hosp.*, 264 Fed. Appx. 527, 529-30 (7th Cir. 2008)). The Plaintiff should be mindful that the statute of limitations for medical malpractice actions in Illinois is two years, *see* 735 ILCS 5/13-212, and "Illinois law does not toll the statute of limitations for prisoners." *Moore*, 2013 WL 141143, at *2 (citing *Sckweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, at *1, n.1 (N.D. Ill. Aug. 30, 2010)).

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 2, 2014

9